WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gilbert Arias,<br><br>            Plaintiff,<br><br>v.<br><br>Transcor America LLC, et al.,<br><br>            Defendants. | No. CV-17-02995-PHX-DLR (ESW)<br><br>**ORDER** |

Pending before the Court are Defendant's Motion for Protective Order (Doc. 38) and Plaintiff's Motion for Leave to File Surreply to Defendant's Reply in Support of Motion for Protective Order (Doc. 45). The Court will grant Plaintiff leave to file a sur-reply as proposed. The Court also will grant Defendant's Motion for Protective Order for good cause shown.

## I. DISCUSSION

### A. Motion for Leave to File Surreply (Doc. 45)

Neither the Federal Rules of Civil Procedure nor Local Rules of Civil Procedure authorize the filing of a sur-reply. *See* LRCiv 7.2 (b-d) (providing for the filing of a motion, response, and reply); Fed. R. Civ. P. 7(b) (requiring requests to the Court to be made by motion). Yet "[i]t is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too." *Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989). To the extent that a party raises a new argument or proffers new

evidence and information in a reply brief, that argument or evidence is improper because the opposing party is deprived of an opportunity to respond. *See Tovar v. United States Postal Service*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993). A court cannot consider new evidence provided in a reply when the other party does not have an opportunity to respond to the evidence. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). Therefore, granting leave to file a sur-reply is generally appropriate when a party raises new issues or new evidence in a reply brief.

Here, the Court finds that Defendant arguably has presented new information in its Reply. Granting leave to file the sur-reply proposed is appropriate as the sur-reply would be helpful to the resolution of the pending Motion for Protective Order (Doc. 38) and does not prejudice Defendant. Defendant has addressed the substance of the proposed sur-reply in its Response (Doc. 46). No further briefing is necessary. The Motion for Leave to File Surreply to Defendant's Reply in Support of Motion for Protective Order (Doc. 45) will be granted.

**B. Motion for Protective Order (Doc. 38)**

Defendant seeks to maintain the confidentiality of documents containing proprietary information, security information regarding the operation of the prison facility, and personal information regarding current and former prisoners and employees of TransCor. Counsel agree that the confidentiality of such information is appropriate. However, Plaintiff objects to an "Attorney Eyes Only" component to the proposed protective order as it would prevent counsel from sharing information with his client.

The subject matter of this litigation involves obviously highly confidential material. It is undisputed that documents regarding the transportation of inmates between correctional facilities, the personal information of correctional officers and inmates, and proprietary information are highly confidential. Unrestricted disclosure of this inherently confidential information would negatively impact the safety of others and the safe, secure daily operation of a correctional facility, as well as the financial interests of the Defendant.

"Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F. 3d 1206, 1210 (9th Cir. 2002). Fed. R. Civ. P. 26 (c) allows the Court to over-ride that presumption of public access and issue a protective order when good cause is shown. Specifically, the Court may craft an order "(A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; . . . (G) requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way [.]" Fed. R. Civ. P. 26(c)(1).

The party seeking the protective order bears the burden of showing good cause. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.,* 187 F. 3d 1096, 1102 (9th Cir. 1999) (holding movant must make a "particularized showing of good cause with respect to any individual document"). Good cause exists if a specific prejudice or harm will result if no protective order is granted. *See Beckman Industries, Inc. v. Int'l Ins. Co.*, 966 F. 2d 470, 476 (9th Cir. 1992).

Here, the parties agree that good cause exists for a protective order to issue, and the Court so finds. The Court further finds, based upon Plaintiff's criminal history, the highly sensitive nature of the information contained in the documents to be exchanged, and the safety and security of the correctional facilities, including their employees and inmates, that the proposed form of the protective order is appropriate. Plaintiff is represented by experienced counsel. An "Attorney's Eyes Only" provision will not negatively impact Plaintiff's ability to fairly and thoroughly litigate and present the issues in his case. The Motion for Protective Order (Doc. 38) will be granted.

## II. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** granting Defendant's Motion for Protective Order (Doc. 38).

**IT IS FURTHER ORDERED** granting Plaintiff's Motion for Leave to File Surreply to Defendant's Reply in Support of Motion for Protective Order (Doc. 45).

Dated this 13th day of March, 2018.

_____
Honorable Eileen S. Willett
United States Magistrate Judge