**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gilbert Arias,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Transcor America LLC, et al.,<br><br>　　　　Defendants. | No. CV-17-02995-PHX-DLR (ESW)<br><br>**ORDER** |

Pending before the Court is a Joint Motion to Extend Deadlines (Doc. 114). On April 12, 2017, Plaintiff filed his Complaint for Negligence (Doc. 1-1 at 4-9). The matter was removed to the United States District Court Central District of California on August 4, 2017 (Doc. 1). On August 29, 2017, the Court transferred the case to the United States District Court for the District of Arizona (Doc. 15).

Over the objection of the parties, the case was placed in the Mandatory Initial Discovery Pilot (MIDP) (Doc. 18), and the Court issued a Scheduling Order after continuing the Case Management Conference at the request of the parties. (Docs. 32, 43). Expert disclosure deadlines were set for March 16, 2018, April 30, 2018, and May 31, 2018. (Doc. 43 at 4). The parties were "advised that the Court intends to enforce the deadlines and guidelines set forth in [its] Order, and they should plan their litigation activities accordingly. " (Id. at 7).

On March 12, 2018, the Court granted a Joint Stipulated Request to Extend Expert

Discovery Deadlines (Doc. 52), and expert disclosure deadlines were extended ninety days to June 18, 2018, August 1, 2018, and September 4, 2018. (Doc. 53). The deadline to depose experts was also extended to September 21, 2018. (Doc. 57).

Thereafter, the parties sought a second extension of time to extend multiple case deadlines, including expert disclosure deadlines, which the Court granted. (Doc. 70). Expert disclosure deadlines were extended another ninety days to September 17, 2018, October 29, 2018, and December 3, 2018. (Id.).

Though the parties do not expressly state as much in their Joint Motion, the instant Joint Motion to Extend Deadlines is the third extension requested. A motion to modify the Court's scheduling order to extend a deadline is governed by Fed. R. Civ. P. 16 and the Ninth Circuit's decision in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). A party seeking to amend a scheduling order must show "good cause." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. The schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quoting Fed. R. Civ. P. 16 Advisory Committee's notes to 1983 amendments). Prejudice to the opposing party may supply additional reasons to deny an extension, but the focus of the inquiry is on the moving party's reasons for seeking modification. *Id.* "If that party was not diligent, the inquiry should end." *Id.* "Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders[.]" *Wong v. Regents of the Univ. of Cal.,* 410 F.3d 1052, 1060 (9th Cir. 2005).

The Scheduling Order clearly warns the parties that the deadlines set forth therein would be strictly enforced. (Doc. 43 at 7). The Court finds that the parties have failed to show the requisite good cause for an extension of the expert witness disclosure deadline. A vague and conclusory reference to "scheduling conflicts" is insufficient to justify a third extension of time. The Court will deny Joint Motion to Extend Deadlines. (Doc. 114). *See Wong*, 410 F.3d at 1060 (explaining that a court's efforts to foster the efficient

treatment and resolution of cases "will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines").

For the reasons set forth herein,

**IT IS ORDERED** denying Joint Motion to Extend Deadlines (Doc. 114).

Dated this 25th day of October, 2018.

/s/ ESWillett
Honorable Eileen S. Willett
United States Magistrate Judge